UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY A. HART,

    Plaintiff,

v.                                                Case No. 3:25cv2624-MW-HTC

WALTON CORRECTIONAL
INSTITUTION, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Randy A. Hart, a prisoner proceeding *pro se*, initiated this action by filing in the Middle District of Florida a handwritten document titled "Civil Rights Complaint" under 42 U.S.C. § 1983, naming Warden T. Knight and Walton Correctional Institution as defendants. Doc. 1. The Middle District transferred the action to the Northern District of Florida on December 16, 2025. Doc. 3. Upon review of the Complaint and Plaintiff's litigation history, the undersigned respectfully recommends that the case be dismissed without prejudice because Plaintiff is a three-striker who failed to simultaneously pay the Court's filing fee and did not allege imminent danger of serious physical injury.

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner alleges facts to show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

There is no question here that Plaintiff is a three-striker.[1] Indeed, Plaintiff has had numerous cases dismissed because of that status. *See, e.g.*, *Hart v. Davis*, 3:25-cv-00211-TKW-HTC (N.D. Fla. Apr. 8, 2025); *Hart v. English*, 3:24-cv-181-LC-HTC (N.D. Fla. May 31, 2024); *Hart v. Davis*, No. 23-14096-F, at Doc. 1 (11th Cir.

---

[1] The Court takes judicial notice that Plaintiff has had at least the following cases dismissed for failure to state a claim or as frivolous: *Hart v. United States*, No. 1:16-cv-21889-FAM, at Docs. 8 & 9 (S.D. Fla. July 29, 2016); *Hart v. Florida*, No. 8:13-cv-2533-JSM-MAP, at Doc. 3 (M.D. Fla. Oct. 4, 2013); *Hart v. Judd, et al.*, No. 8:11-cv-1590-VMC-TBM, at Doc. 2 (M.D. Fla. Aug. 10, 2011).

Dec. 19, 2023) (finding that Plaintiff was subject to the "three strikes" provision of the PLRA); *Hart v. Sec'y DOC, et al.*, No. 3:20-cv-5765-LC-EMT, at Docs. 7 & 11 (N.D. Fla. Jan. 5, 2021) (recognizing Plaintiff as a three-striker and dismissing case); *Hart v. Gray, et al.*, No. 5:19-cv-69-WTH-PRL, at Doc. 2 (M.D. Fla. Mar. 18, 2019) (same).

Moreover, Plaintiff has not shown that he is in "imminent danger" of physical harm. To the contrary, Plaintiff's three-page "complaint" is devoid of any factual allegations, consists mostly of various caselaw quotes and the conclusory allegation that "[t]he record clearly shows that the defendants listed on Page 1 are willfully holing the plaintiff/prisoner in unlawful detention," and fails to seek any specific relief.[2] Therefore, Hart does not meet any exception to the three-strikes rule.

Because Hart is a three-striker under § 1915(g), who has failed to show he is in imminent danger of serious physical injury, and did not pay the full filing fee at the time he filed this action, this case should be dismissed. *See Dupree*, 284 F.3d at 1236.

---

[2] If Hart is alleging that his detention is unlawful in order to seek release from custody, his sole remedy is a habeas petition under 28 U.S.C. § 2254, not an action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2. That the clerk close the file.

At Pensacola, Florida, this 19th day of December, 2025.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:25cv2624-MW-HTC